**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA MESSINA, NICHOLAS KUKUC, | ) | |
| and A.M., a minor child, | ) | |
| by and through Teresa Messina, | ) | |
| his Mother and Next Friend, | ) | |
| | ) | Case No.   1:14 cv 7099 |
| Plaintiffs, | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| a Delaware Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Green Tree Servicing, LLC ("Defendant"), by counsel, Anna-Katrina S. Christakis and Candice R. Voticky (Pilgrim Christakis LLP, of counsel), answers the Complaint of Plaintiffs Teresa Messina, Nicholas Kukuc, and A.M., a minor child by and through Teresa Messina, ("Plaintiffs"), as follows:

1.      Defendant harassed and annoyed Plaintiffs by making repeated and continuous calls in an attempt to collect amounts of money that were not owed, and impermissibly placed calls to Ms. Messina's two (2) sons, Mr. Kukuc and A. M. Green Tree telephoned the three (3) Plaintiffs at least one-hundred and twenty-three (123) times in the approximate two (2) month period from September 13, 2013 to November 15, 2013. Defendant intruded upon Plaintiffs' seclusion and placed robotic telephone calls to Plaintiffs' cellular phones with an automatic telephone dialing system without consent.

**<u>ANSWER:</u>**      Defendant denies the allegations of this paragraph.

2.      According to Congress:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

**ANSWER:**     Defendant admits that this paragraph accurately quotes 15 U.S.C.

§1692(a).

3.     As a result of Defendant's unlawful acts, Plaintiffs suffered severe emotional distress including anxiety (requiring medication), stress, frustration, humiliation, shame, crying spells, lack of concentration, family strife, chronic migraine headaches, nausea, stomach aches, sleeping problems (requiring medication).

**ANSWER:**     Defendant denies the allegations of this paragraph.

4.     Defendant has a business plan and practice of collection abuse and unlawful telephone collection practices. Defendant's conduct is part of a business plan and practice of unlawful collection abuse including repeated and intrusive telephone calls, failing to cease calling after being requested, impermissible calls to third parties, etc. See, e.g., Modica v. Green Tree Servicing, LLC, No. 1:14-cv-03308 (N.D. Ill.); Brencis v. Green Tree Servicing, LLC, No.1:14-cv-02079 (N.D. Ill.); Castro v. Green Tree Servicing, LLC, No. 10-cv-7211(ER)(PED)(S.D.NY); Massey v. Green Tree Servicing, LLC, 09-cv-01117 (W.D. WV 2009); Obarr v. GreenTree Servicing, LLC, 09-cv-09496-DDP-0 (C.D. Cal. 2009).

**ANSWER:**     Defendant denies the allegations of this paragraph.

## NATURE OF THE ACTION

5.     Plaintiffs bring this action as consumers to secure redress from unlawful debt collection and telephone practices engaged in by Defendant. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 et seq. ("RESPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA"), and related common law.

**ANSWER:**     Defendant admits that this paragraph describes Plaintiffs' claims.

However, Defendant denies that it engaged in any unlawful conduct.

## JURISDICTION AND VENUE

6.     This action arises under, and is brought pursuant to the FDCPA, TCPA, RESPA, and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k (FDCPA), 47 U.S.C. § 227 (TCPA), 12 U.S.C. § 2614 (RESPA), and 28 U.S.C. §§ 1331, 1337, as the actions arise under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that this Court has jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391, as Defendant does business in this District and Defendant's collection communications and practices impacted Plaintiffs within this District.

**ANSWER:** Defendant does not contest that venue is proper.

### THE PARTIES

8. Plaintiffs Ms. Messina, Mr. Kukuc, and A.M. are natural persons who reside in the District. At all times relevant to the action, A.M. was a minor child.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph and therefore, on that basis, denies the

allegations.

9. At all times relevant to the action, Defendant was a Delaware limited liability company with its principal office located at 345 St. Peter Street, Suite 300, St. Paul, Minnesota 55102. Defendant does or transacts business in Illinois. Its registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

**ANSWER:** Defendant admits the allegations of this paragraph.

10. According to Defendant's website, Defendant is "one of the country's leading servicers of home loans." Among other loans, Defendant acquires servicing rights to mortgage loans that are in default.

**ANSWER:** Defendant admits that according to its website it is "one of the

country's leading servicers of home loans." Defendant further admits that, among other

things, it acquires the servicing rights to mortgage loans that are in default.

11. Defendant is a "debt collector" as defined by §1692(a) of the FDCPA because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant denies the allegations of this paragraph.

3

<u>**FACTS SUPPORTING CLAIMS FOR RELIEF**</u>

12.    Ms. Messina had a mortgage loan with Bank of America. The loan was incurred for personal, family and household purposes.

**<u>ANSWER:</u>**    Defendant admits the allegations in this paragraph.

13.    The mortgage loan allowed for interest only payments.

**<u>ANSWER:</u>**    Defendant admits that Plaintiff's mortgage loan allowed for 120

interest only payments.

14.    At some point the mortgage loan was transferred to Green Tree.

**<u>ANSWER:</u>**    Defendant admits that Bank of America assigned the mortgage and

servicing rights to Defendant.

15.    Green Tree mistakenly believed Ms. Messina was in default.

**<u>ANSWER:</u>**    Defendant denies the allegations of this paragraph.

16.    Green Tree misapplied payments and attempted to collect amounts not owed by contacting Ms. Messina by telephone.

**<u>ANSWER:</u>**    Defendant denies the allegations of this paragraph.

17.    Ms. Messina repeatedly told Green Tree that it was attempting to collect amounts not owed and to stop calling. Green Tree ignored her repeated pleas and began to call family members to put more pressure on Ms. Messina to pay a debt that was not even owed.

**<u>ANSWER:</u>**    Defendant admits that Plaintiff placed multiple calls to Defendant and

stated that she believed Defendant was attempting to collect an incorrect amount on her

mortgage. Defendant denies the remaining allegations of this paragraph.

18.    In telephone calls to their personal cell phones, Green Tree asked Ms. Messina's sons Mr. Kukuc and A.M. to pass messages to her to call Green Tree back.

**<u>ANSWER:</u>**    Defendant denies the allegations in this paragraph.

4

19.    It was and remains Ms. Messina's pattern and practice to pay her mortgage loan by telephone.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's "pattern and practice" and therefore, on that basis, denies the allegations. Defendant admits that Plaintiff made partial mortgage payments via electronic debit from a bank account.

20.    At all times relevant to this complaint, when Ms. Messina called Green Tree to make her monthly mortgage payments, Green Tree's telephone system would prompt her to enter her account number. Taking note of Ms. Messina's account number, the system would transfer Ms. Messina to a Green Tree representative without her input or consent instead of allowing her to make her payment because, upon belief and information, Green Tree believed that Ms. Messina was in default on her mortgage. The representative then demanded that Ms. Messina pay an amount higher than that due on her mortgage.

**ANSWER:**    Defendant admits that when a customer calls Green Tree to make a telephonic mortgage payment, the customer is prompted to enter his/her account number. Defendant further admits that Plaintiff's loan was in default. Defendant denies the remaining allegations of this paragraph.

21.    In an attempting to circumvent this obnoxious and annoying practice of Green Tree's, Ms. Messina attempted to make her payment by telephone to Green Tree while using her sons' cellular phones. When, as before, Ms. Messina entered her mortgage account number to make her payment using her sons' cell phones, Green Tree's system captured and associated the sons' cell phone numbers with Ms. Messina's account and placed them in its automated dialing system which system would then place repeated robotic telephone calls to the sons' cellular phones in an attempt to collect the alleged debt.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff attempted to make payments using her son's cellular telephones and therefore, on that basis, denies the allegation.  Defendant denies the remaining allegations in this paragraph.

5

22.     When they were contacted by Green Tree on their cellular phones, Mr. Kukuc and A.M. and each of them told Green Tree again to stop calling, but Green Tree ignored these directions and continued to call them.

**ANSWER:**     Defendant denies the allegations of this paragraph.

23.     Green Tree telephoned the three (3) Plaintiffs at least one-hundred and twenty-three (123) times in the approximate two (2) month period from September 13, 2013 to November 13, 2013.

**ANSWER:**     Defendant denies the allegations in this paragraph.

24.     From September 13, 2013, to November 14, 2013, Green Tree telephoned Mr. Kukuc at least twenty-one (21) times.

**ANSWER:**     Defendant denies the allegations of this paragraph.

25.     From September 13, 2013, to November 14, 2013, Green Tree telephoned A.M. at least forty-nine (49) times.

**ANSWER:**     Defendant denies the allegations of this paragraph.

26.     From October 11, 2013 to November 15, 2013, Green Tree telephoned Ms. Messina at least fifty-three (53) times.

**ANSWER:**     Defendant denies the allegations of this paragraph.

27.     Green Tree misrepresented the nature, character and amount of Ms. Messina's debt.

**ANSWER:**     Defendant denies the allegations of this paragraph.

28.     Green Tree attempted to collect an amount not owed by law or contract.

**ANSWER:**     Defendant denies the allegations of this paragraph.

29.     Green Tree engaged in conduct the natural consequence of which was to abuse and harass.

**ANSWER:**     Defendant denies the allegations of this paragraph.

30.     Green Tree engaged in false, deceptive and misleading practices in an attempt to collect a debt.

**ANSWER:**     Defendant denies the allegations of this paragraph.

6

31.     Green Tree engaged in unfair and unconscionable practices in an attempt to collect a debt.

**ANSWER:**     Defendant denies the allegations of this paragraph.

32.     Plaintiffs were severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unlawful attempts to collect a debt that was not owed at the time of demand.

**ANSWER:**     Defendant denies the allegations of this paragraph.

33.     Ms. Messina was severely humiliated by Defendant's unlawful contacts to her sons.

**ANSWER:**     Defendant denies the allegations of this paragraph.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

34.     Plaintiffs repeat and reallege the above paragraphs as though fully set forth herein.

**ANSWER:**     Defendant incorporates its answers to the above paragraphs as though

fully set forth herein.

35.     Defendant violated 15 U.S.C. §§1692b and §1692c(b) as to Ms. Messina when it placed telephone collections calls to third parties, and engaged in impermissible communications with third parties, namely Ms. Messina's two sons, Mr. Kukuc and A. M.

**ANSWER:**     Defendant denies the allegations of this paragraph.

36.     Defendant violated 15 U.S.C. §§ 1692d and d(5) as to all three Plaintiffs by engaging in conduct, the natural consequence of which was to harass, oppress, and abuse, when it harassed Plaintiffs by relentlessly calling in an attempt to collect an amount that was not even owed.

**ANSWER:**     Defendant denies the allegations of this paragraph.

37.     Defendant violated 15 U.S.C. §§1692e, (e)(2), and (10), as to all three Plaintiffs by using false, deceptive or misleading representations or means in connection with the attempt to collect a debt, including when it misrepresented the character, amount, or legal status of the subject debt was not owed at the time Defendant demanded payment

7

of the subject debt.

**ANSWER:**     Defendant denies the allegations of this paragraph.

38.     Defendant violated 15 U.S.C. §1692(e)5 as to all three Plaintiffs by taking action it could not legally take, namely by placing unauthorized collection calls to all three Plaintiffs on their cellular phones.

**ANSWER:**     Defendant denies the allegations of this paragraph.

39.     Defendant violated 15 U.S.C. §1692(f) as to all three Plaintiffs by employing unfair and unconscionable means in attempt to collect a debt.

**ANSWER:**     Defendant denies the allegations of this paragraph.

40.     Defendant acted in a conscious disregard for the rights and safety of Plaintiffs.

**ANSWER:**     Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES—FIRST CLAIM

### First Defense

Plaintiffs' claims, or parts thereof, are barred by the statute of limitation.

### Second Defense

In the event Green Tree is deemed liable, which it expressly denies, Green Tree is entitled under the doctrine of setoff and/or recoupment to offset any and all payments and obligations Plaintiffs owe to Green Tree against a judgment, if any, that may be entered against Green Tree.

## SECOND CLAIM FOR RELIEF
## Violations of the Telephone Consumer Protection Act

41.     Plaintiffs repeat and reallege the above paragraphs as though fully set forth herein.

8

**ANSWER:**     Defendant incorporates its answers to the above paragraphs as though fully set forth herein.

42.     The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(ii).

**ANSWER:**     Defendant admits that this paragraph generally describes the TCPA.

43.     Defendant violated the TCPA as to all three Plaintiffs by placing at least one-hundred and twenty-three (123) phones calls to Plaintiffs' cellular phones using an automatic dialing system.

**ANSWER:**     Defendant denies the allegations of this paragraph.

44.     As alleged above, Plaintiffs were harmed by Defendant's repeated collection calls.

**ANSWER:**     Defendant denies the allegations of this paragraph.

45.     Green Tree willfully and knowing [sic] violated the TCPA because it continued to call and harass the Plaintiffs after Plaintiffs and each of them told Green Tree representatives to stop calling them.

**ANSWER:**     Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES—SECOND CLAIM

### First Defense

In the event Green Tree is deemed liable, which it expressly denies, Green Tree is entitled under the doctrine of setoff and/or recoupment to offset any and all payments and obligations Plaintiffs owe to Green Tree against a judgment, if any, that may be entered against Green Tree.

### Second Defense

If Green Tree made any calls to a cellular telephone using an automatic dialing system, it did so with Plaintiff's prior express consent.

9

### THIRD CLAIM FOR RELIEF
### <u>Violation of the Illinois Consumer Fraud and Deceptive Practices Act</u>

46.    Plaintiff Ms. Messina repeats and realleges the above paragraphs as though fully set forth herein.

**<u>ANSWER:</u>**    Defendant incorporates it answers to the above paragraphs as though

fully set forth herein.

47.    Defendant violated 815 ILCS 505/2 as to Ms. Messina by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a debt not owed from her; and by engaging in unlawful telephone collection practices.

**<u>ANSWER:</u>**    Defendant denies the allegations of this paragraph.

48.    Defendant's attempt to collect a debt is part of the conduct of a trade or commerce.

**<u>ANSWER:</u>**    Defendant denies the allegations of this paragraph.

49.    As alleged above, Defendant's demands for payment on the alleged debt, for amounts not even owed, involved the use of deception, fraud and false pretense.

**<u>ANSWER:</u>**    Defendant denies the allegations of this paragraph.

50.    Defendant intended that Plaintiff rely on its misrepresentations.

**<u>ANSWER:</u>**    Defendant denies that it made any misrepresentations and thus

denies that it intended Plaintiff to rely on any misrepresentations.

51.    As alleged above, Green Tree engaged in an unfair business practice with respect to its telephone collection conduct directed against Ms. Messina.

**<u>ANSWER:</u>**    Defendant denies the allegations of this paragraph.

52.    In addition to those damages alleged above, Plaintiff suffered economic damages as a result of Defendant's unlawful conduct including, without limitation: additional and unnecessary charges involved with making her mortgage payments each month; and co-pays and other out-of-pocket expenses for medications she was prescribed due to the stress of Defendant's unlawful conduct.

**ANSWER:**    Defendant denies the allegations of this paragraph.

53.    As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:**    Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES—THIRD CLAIM

### First Defense

In the event Green Tree is deemed liable, which it expressly denies, Green Tree is entitled under the doctrine of setoff and/or recoupment to offset any and all payments and obligations Plaintiffs owe to Green Tree against a judgment, if any, that may be entered against Green Tree.

### Second Defense

Plaintiff has failed to mitigate any alleged damages.

## FOURTH CLAIM FOR RELIEF
### Violations of the Real Estate Settlement Procedures Act

51.    Plaintiff Ms. Messina restates and realleges the above paragraphs as though fully set forth herein.[1]

**ANSWER:**    Defendant incorporates its answers to the above paragraphs as though fully set forth herein.

52.    The Real Estate Settlement Procedures Act (hereinafter "RESPA"), 12 U.S.C. §2601 et seq., regulates, among other things, the conduct of "servicers" of "federally related mortgages." See 12 U.S.C. § 2605.

**ANSWER:**    Defendant admits that this paragraph generally describes RESPA.

53.    Ms. Messina's mortgage is a "federally related mortgage."

---

[1] Plaintiff misnumbers the remaining paragraphs of the Complaint, beginning with this paragraph as number "51,"' when it should be "54"'

11

**ANSWER:**        Defendant admits the allegations of this paragraph.

54.        Green Tree is a "servicer" under RESPA § 2605(i)(2)

**ANSWER:**        Defendant admits the allegations of this paragraph.

55.        Prior to April 1, 2014, Bank of America, N.A. (hereinafter "BANA") was the servicer of Ms. Messina's mortgage.

**ANSWER:**        Defendant admits that BANA was the servicer of Ms. Messina's

mortgage before April 1, 2013.

56.        On or about March 9, 2013, BANA sent Ms. Messina a letter informing her that it would be transferring its rights to service her mortgage to Green Tree, effective April 1, 2013.

**ANSWER:**        Defendant admits the allegations of this paragraph.

57.        Also on or about March 20, 2013, BANA sent its final statement to Ms. Messina in which the following three payment options were described as "You[r] Payment Choices This Month:"

A. Amortized Payment Choice —$2,152.18

B. 15-Year Amortized Payment Choice — $4,492.48

C. Interest Only Payment —$1,543.33

Excerpt of Final BANA Statement attached hereto and made a part hereof as Exhibit A.

**ANSWER:**        Defendant admits that Exhibit A contains an excerpt of a BANA

statement. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph and therefore, on that basis, denies the

allegations.

58.        On or about March 20, 2013, in anticipation of transferring its rights to service Ms. Messina's mortgage to Green Tree, BANA refunded the balance of her escrow account, approximately $832.55, to Ms. Messina.

**ANSWER:**     Defendant admits that on or about March 20, 2013, BANA refunded

approximately $832.55 to Plaintiff. Defendant to lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of this paragraph and therefore,

on that basis, denies the allegations.

59.     Effective on or about April 1, 2014, BANA transferred its servicing rights to
Ms. Messina's mortgage loan to Green Tree.

**ANSWER:**     Defendant denies that BANA transferred its servicing rights to Ms.

Messina's mortgage loan to Green Tree effective April 1, 2014, but admits that the transfer

was effective April 1, 2013.

60.     As of April 1, 2014, Ms. Messina was not in default with respect to any of her
obligations under her mortgage and note.

**ANSWER:**     Defendant denies the allegations in this paragraph.

61.     On or about April 16, 2013, Ms. Messina made an Interest Only Payment in
the amount of $1,543.33 to Green Tree as was her right pursuant to the March 20, 2013
BANA statement and which was her custom and practice prior to that time.

**ANSWER:**     Defendant denies the allegations of this paragraph.

62.     In its first statement to Ms. Messina, dated May 10, 2013, Green Tree
informed her that the balance due on her mortgage was $4,629.99. May 10, 2013 Green
Tree Statement attached hereto and made a part hereof as Exhibit B.

**ANSWER:**     Defendant admits that Exhibit B is a statement dated May 10, 2013,

from Green Tree to Ms. Messina indicating that the balance due on her mortgage was

$4,629.99.

63.     On or about June 6, 2014, in a conversation with a Green Tree representative
calling himself "Fredrick," Ms. Messina explained that Green Tree had made a mistake and
that she would continue to make Interest Only Payments of $1,543.33 pursuant to the
payment terms in place when BANA serviced the mortgage.

**ANSWER:**     Defendant denies the allegations of this paragraph.

13

64.     During the June 6, 2013 conversation, Fredrick told Ms. Messina that her monthly payment was $1,963.87 instead of $1,543.33.

**ANSWER:**     Defendant admits that in a conversation on or about June 6, 2013, a

Green Tree representative told Plaintiff that her monthly payment was $1,963.87, and not

$1,543.33.

65.     Each subsequent month, when Ms. Messina would call Green Tree to make her monthly payment, she was told by Green Tree representatives to pay $1,963.87 instead of $1,543.33.

**ANSWER:**     Defendant admits that Green Tree representatives repeatedly

informed Plaintiff that her monthly payment was $1,963.87, and not $1,543.33.

66.     Each time she spoke with Green Tree representatives, Ms. Messina would tell them that an error had been made and that her correct monthly payment amount was $1,543.33.

**ANSWER:**     Defendant admits that Plaintiff told Green Tree representatives that

she believed there was an error on her account, but denies the remaining allegations in this

paragraph.

67.     On or about August 27, 2013, a Green Tree representative who identified himself as "Edgar" told Ms. Messina that if she did not pay the full amount, she would lose her home.

**ANSWER:**     Defendant denies the allegations of this paragraph.

68.     On or about October 16, 2013, Ms. Messina spoke with a Green Tree representative who identified herself as "Ms. Drake." Ms. Messina again explained that an error must have been made during the servicing transfer and that she was entitled to pay $1,543.33 each month. Ms. Drake acknowledged Ms. Messina's position and stated that she would correct Green Tree's records to remedy the issue.

**ANSWER:**     Defendant denies the allegations of this paragraph.

69.     On or about November 15, 2013, Ms. Messina spoke with Ms. Drake again. Ms. Drake informed Ms. Messina that BANA had provided Green Tree with documentation corroborating Ms. Messina's version of the story, namely that she was entitled to pay

14

$1,543.33 each month, was accurate, that there was no arrearage when BANA transferred its servicing rights to Green Tree, and that Green Tree was in error. Ms. Drake again promised that Green Tree would correct its records and that Ms. Messina would not be pressured to pay $1,963.87 instead of $1,543.33 each month.

**ANSWER:**     Defendant admits that on or about November 15, 2013, Plaintiff spoke

with a Green Tree representative about her account. Defendant denies the remaining

allegations of this paragraph.

70.    Ms. Messina requested that Ms. Drake send her a copy of the documentation from BANA and a copy to her attorneys. Green Tree never sent copies of the documentation to either party.

**ANSWER:**     Defendant denies the allegations of this paragraph.

71.    On or about January 16, 2014, Ms. Messina, by her attorneys, sent Green Tree a notice of error pursuant to 12 C.F.R. 1024.35(a) by certified mail, return receipt requested. It stated, in relevant part:

> [Ms. Messina] in this case believes that [Green Tree has] assessed or imposed one or more fees or charges to the loan for Miscellaneous Fees and Charges and for additional errors relating to the servicing of [Ms. Messina's] account, or which had no basis in law or in fact. Specifically, [Green Tree has] assessed to [Ms. Messina] various late and delinquency charges concerning an escrow transfer from the previous servicer Bank of America, N.A. (BANA Acct. no. 105152737) to [Green Tree] (Green Tree Acct. no. 686980400). This transfer was effective April 1, 2013. [Green Tree's] agent (Ms. Drake, direct dial = 1-855-892-8914 x-85408) has determined that an error was made by BANA when they transferred the account to [Green Tree] and that no error was made by [Ms. Messina] regarding this transfer. Ms. Drake also advised [Ms. Messina] that [Green Tree] now ha[s] in [its] possession a letter from BANA indicating their mistaken transfer. Despite the above, [Green Tree] continue[s] to claim [Ms. Messina's] account is in default, [Green Tree] continue[s] to charge late charges on funds that are not "delinquent" from [Ms. Messina], and [Green Tree] ha[s] threatened [Ms.Messina] with foreclosure. Further, we have documentation of at least 51calls/attempted calls to [Ms. Messina] trying to collect this erroneous claimed delinquency; at least 21 calls/attempted calls to [Ms. Messina's] 22 [y]ear old son trying to collect this erroneous claimed delinquency; and at least 48calls/attempted calls to [Ms. Messina's] 15 year old son trying to collect this erroneous claimed delinquency. Finally, [Green Tree] ha[s] blocked all attempts by [Ms. Messina] to make automated payments, having implemented said block to

15

force her to speak with one of [Green Tree's] agents before she can make said payment.

Notice of Error attached hereto and made a part hereof as Exhibit C.

> **ANSWER:**     Defendant admits that a letter from Plaintiff's counsel to Green Tree is attached as Exhibit C.

72.     The Notice of Error requested that Green Tree correct the complained-of errors.

> **ANSWER:**     Defendant admits that Exhibit C makes certain requests. However, Defendant denies the remaining allegations of this paragraph.

73.     After receipt of Ms. Messina's Notice of Error, Green Tree began to direct all correspondence to the attention of Ms. Messina's attorney as requested in the Notice of Error, including monthly account statements.

> **ANSWER:**     Defendant admits the allegations of this paragraph.

74.     However, Green Tree did not issue any substantive response to Ms. Messina's Notice of Error to Ms. Messina or her attorneys.

> **ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore, on that basis, denies the allegations.

75.     As before, Green Tree representatives continued to demand payment of $1,963.87 from Ms. Messina each month when she called to make her payment.

> **ANSWER:**     Defendant admits the allegations of this paragraph.

76.     On or about April 18, 2014, Ms. Messina received a telephone call from someone identifying herself as "Yolanda," a Green Tree customer representative supervisor, who asked what Ms. Messina intended to do about the "shortfall" in her payments. Ms. Messina again advised that Green Tree had made an error in calculating the amount due. Yolanda acknowledged seeing the discrepancy and stated she did not understand why such an error had not been previously remedied.

16

**ANSWER:**     Defendant admits that on or about April 18, 2014, Green tree

contacted Plaintiff regarding the shortfall on her account. Defendant further admits that

Plaintiff stated there was an error regarding the amount due on her account and that the

Green Tree representative stated that she would follow up on Plaintiff's concern. Defendant

denies the remaining allegations of this paragraph.

77.     On or about June 12, 2014, Green Tree sent Ms. Messina a notice of default in which it stated that her default consisted of "Failure to submit your monthly payments due 05/01/2014 through 06/01/2014." Notice of Default attached hereto and made a part hereof as Exhibit D.

**ANSWER:**     Defendant admits that Exhibit D is a letter sent by Green Tree on June

12, 2014, to Ms. Messina.

78.     Green Tree has yet to correct its records. Despite repeated reassurances from some Green Tree representatives including Ms. Drake and Yolanda the supervisor, every time Ms. Messina calls Green Tree to make her monthly payment, Green Tree representatives continue to tell her that she had to pay $1,963.87 instead of $1,543.33.

**ANSWER:**     Defendant denies that it needs to correct its records, admits that Ms.

Messina's monthly payment is $1,963.87 instead of $1,543.33, and denies the remaining

allegations in this paragraph.

79.     RESPA § 2605(k)(1) provides:

A servicer of a federally related mortgage shall not
[F]ail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;

* * *

[Fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

17

12 U.S.C. § 2605(k)(1)(C), (E).

**ANSWER:**    Defendant admits that this paragraph accurately quotes certain

provisions of RESPA.

80.    RESPA's implementing regulations provide that a servicer must

[R]espond to a notice of error by either

> Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

> Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. 2014.35(e)(1)(A), (B).

**ANSWER:**    Defendant admits that this paragraph accurately quotes certain

provisions of RESPA.

81.    The implementing regulations further provide that a servicer shall maintain policies and procedures that are reasonably designed, among other things, to:

> [E]nsure that the servicer can:

> (ii) Investigate, respond to, and, as appropriate, make corrections in response to complaints asserted by a borrower;

> (iii) Provide a borrower with accurate and timely information and documents in response to the borrower's requests for information with respect to the borrower's mortgage loan;

> * * *

(ii) As a transferee servicer, identify necessary documents or information that may not have been transferred by a transferor servicer and obtain such documents from the transferor servicer.

12 U.S.C. 1024.38(b)(1)(ii) — (iii); (4)(ii).

**ANSWER:**     Defendant admits that this paragraph accurately quotes certain

provisions of RESPA.

82.     Green Tree violated RESPA § 2605(k)(1)(C), when it, failed to respond to Ms.

Messina's requests to correct errors in its records with respect to:

A. the amount of her monthly payment;
B. the balance of her escrow account;
C. whether Ms. Messina's loan was discharged in bankruptcy; and
D. the allocation of her monthly payments.

**ANSWER:**     Defendant denies the allegations of this paragraph.

83.     Green Tree violated RESPA § 2605(k)(1)(E) when it:

A. Failed to respond to Ms. Messina's Notice of Error as required by 12 C.F.R. 1024.35;
B. Failed, as required by 12 C.F.R. 1024.38, to maintain policies and procedures reasonably designed to

i.Investigate, respond to, and, correct the errors of which Ms. Messina repeatedly complained;

ii. Provide Ms. Messina with accurate and timely information and documents in response to her requests for information with respect to her mortgage loan;

iii. As BANA's transferee servicer, identify necessary documents or information that may not have been transferred by BANA and obtain such documents from BANA.

**ANSWER:**     Defendant denies the allegations of this paragraph.

84.     As a result of Green Tree's violations of RESPA and its implementing

19

regulations, Ms. Messina suffered, without limitation, the following harm:

A. Being declared in default on her mortgage;

B. Fees and penalties assessed to her account;

C. Emotional distress, anxiety, and depression, stemming from Green Tree's relentless refusal to correct its records despite having the information and ability to do so;

D. The humiliation of Green Tree's having communicated to her sons, including a minor child, that she was allegedly in default on a mortgage loan.

**ANSWER:**    Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES—FOURTH CLAIM

### First Defense

In the event Green Tree is deemed liable, which it expressly denies, Green Tree is entitled under the doctrine of setoff and/or recoupment to offset any and all payments and obligations Plaintiffs owe to Green Tree against a judgment, if any, that may be entered against Green Tree.

### Third Defense

Plaintiff has failed to mitigate any alleged damages.

## FIFTH CLAIM FOR RELIEF
### Invasion of Privacy (Intrusion Upon Seclusion)

85.    Plaintiffs repeat and reallege the above paragraphs as though fully set forth herein.

**ANSWER:**    Defendant incorporates its answers to the above paragraph as though fully set forth herein.

20

86.    Defendant's outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiffs' seclusion.

**ANSWER:**    Defendant denies the allegations of this paragraph.

87.    Defendants committed an unauthorized intrusion on Plaintiffs.

**ANSWER:**    Defendant denies the allegations of this paragraph.

88.    The intrusion would be highly offensive or objectionable to a reasonable person.

**ANSWER:**    Defendant denies the allegations of this paragraph.

89.    The matter intruded on was private.

**ANSWER:**    Defendant denies the allegations of this paragraph.

90.    The intrusion caused Plaintiffs anguish and suffering.

**ANSWER:**    Defendant denies the allegations of this paragraph.

91.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

**ANSWER:**    Defendant denies the allegations of this paragraph.

92.    Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**ANSWER:**    Defendant denies the allegations of this paragraph.

### AFFIRMATIVE DEFENSES—FIFTH CLAIM

### First Defense

In the event Green Tree is deemed liable, which it expressly denies, Green Tree is entitled under the doctrine of setoff and/or recoupment to offset any and all payments and obligations Plaintiffs owe to Green Tree against a judgment, if any, that may be entered against Green Tree.

## **Second Defense**

Plaintiff has failed to mitigate any alleged damages.

WHEREFORE, Defendant Green Tree Servicing, LLC respectfully requests that the

Court:

a.      dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter judgment

in favor of Defendant and against Plaintiff;

b.      award Defendant its court costs and attorney's fees; and

c.      award Defendant any other and further relief that this Court deems just and

equitable.


Respectfully submitted,


BY: /s/Candice R. Voticky

Anna-Katrina S. Christakis
Candice R. Voticky
Pilgrim Christakis LLP
53 W. Jackson Boulevard, Suite 1515
Chicago, IL  60604
312-939-0953

## <u>CERTIFICATE OF SERVICE</u>

Candice R. Voticky, an attorney, certifies that on November 3, 2014, she electronically filed the foregoing **Defendant's Answer and Affirmative Defenses** with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Roger Zamparo, Jr.
Zamparo Law Group, P.C.
1600 Gold Road, Suite 1200
Rolling Meadows, IL 60008-4229
(224) 875-3202
roger@zamparolaw.com

*/s/ Candice R. Voticky*

23